UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

CORY A. SIMPSON,

    Plaintiff

v.                                     Civil No. 2:10-00953
                                       (Lead action)

OFFICER TONEY,

    Defendant


CORY ANTHONY SIMPSON,

    Plaintiff

v.                                      Civil No. 2:10-00958
                                     (Consolidated action)

MICHAEL D. MULLINS,

    Defendant


CORY SIMPSON,

    Plaintiff

v.                                     Civil No. 2:10-01044
                                     (Consolidated action)

PROSECUTOR MARK PLANTS,

    Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are plaintiff Corey Simpson's appeals of an order entered by the United States Magistrate Judge on August 31,

2010, in the three above-styled civil actions.  The appeals are treated as having been filed respectively on September 13, 2010 (Toney), September 15, 2010 (Mullins), and September 13, 2010 (Plants).[1]

Having considered the applicable factors set forth in Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), the court ORDERS that these civil actions be, and they hereby are, consolidated solely for purpose of considering the pending appeals.

I.

Simpson is currently incarcerated at the South Central Regional Jail.  In Toney, Simpson complains that he was pepper sprayed at a time when he was shackled and handcuffed.  In Mullins, he alleges that defense counsel in one of his previously filed civil actions, Simpson v. Kapeluck, No. 2:09-00021 (S.D. W. Va. Jan. 12, 2009), refused without justification to provide Simpson with certain discovery materials.  The court entered its

---

[1]The appeals were initially misdirected by Simpson to the United States Court of Appeals for the Fourth Circuit, which returned them to this court for further action.

Judgment dismissing the Kapeluck complaint on May 14, 2010.[2] He also appears to allege that the court in Kapeluck unlawfully denied him counsel. In Plants, he asserts that the Prosecutor of Kanawha County has engaged in selective prosecution. He alleges that the prosecutor chose not to pursue charges against a former trooper with the West Virginia State Police due to conflicting witness accounts. Simpson asserts his state criminal case involves similar contradictory accounts.

Following the institution of each of these civil actions, the magistrate judge undertook her screening obligation pursuant to 28 U.S.C. § 1915A. The magistrate judge's appealed August 31, 2010, order provides in pertinent part as follows:

> [T]he undersigned FINDS that, while incarcerated or detained, Plaintiff has previously filed at least three actions in a court of the United States which have been dismissed as frivolous, malicious or for failure to state a claim, and that these cases (Nos. 2:10-cv-00580, -00953, -00958, -01011, -01044 and -01047) fail to state any facts indicating that he is under imminent danger of serious physical injury. Pursuant to the provisions of 28 U.S.C. § 1915(g), it is hereby ORDERED that Plaintiff's Applications to Proceed without Prepayment of Fees and Costs filed in

---

[2]The Kapeluck action was a paradigmatic case of impertinent serial filing. See Kapeluck, No. 2:09-0021, slip op. at 5 (S.D. W. Va. May 14, 2010) ("Since the PF&R was resent to plaintiff to his jail address, the court has been flooded with 25 motions and demands for rulings upon those motions once plaintiff finally decided to pursue his case. Plaintiff's 25 newly filed documents do not address the findings of the PF&R.").

    Case Nos. 2:10-cv-00580, -00953 and -01011 are DENIED.

    Plaintiff is hereby ORDERED to pay the $350 filing fee for each case which he wishes to pursue, in full, by September 30, 2010. For any case as to which a filing fee is not received by that date, the undersigned will recommend that the presiding District Judge dismiss that case.

(App'ld. Ord. at 5-6).

## II.

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

<u>Allen v. Sybase, Inc.</u>, 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." <u>Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.</u>, 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

In asserting that the magistrate judge erred, Simpson primarily asserts that he had valid grounds for instituting the three civil actions previously dismissed which qualify as the "three strikes" underlying the appealed order. His contention is immaterial inasmuch as all three civil actions have been finally adjudicated, with two having been appealed and dismissed and the third having not been appealed and the time for doing so having passed. In sum, Simpson's appeals present no grounds demonstrating that the appealed order is either clearly erroneous or contrary to law.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That the appealed order be, and it hereby is, affirmed; and

2. That Simpson be, and he hereby is, directed to pay the $350 filing fee for each case which he wishes to pursue, in full, by December 20, 2010.

As noted by the magistrate judge, any case in which the filing fee is not received by that date, will result in a recommendation to the undersigned that the affected civil action be dismissed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: November 19, 2010

_____
John T. Copenhaver, Jr.
United States District Judge